Charles H. Gaffney, S.
This is a proceeding to construe paragraphs “ Third ” and “Fourth ” of the last will and testament of Max Gross, which was admitted to probate by this court on January 21, 1957. At his death Max Gross left him surviving Elizabeth Gross, his widow, a son, Jerome Gross, and two daughters, Eegina Cohen and Beatrice Braverman. Elizabeth Gross was testator’s second wife and his children were born of his previous marriage.
Paragraphs “ Third ” and “ Fourth ” read as follows:
“ Third: I give, devise and bequeath to my beloved wife, Elizabeth Gross, all of my real and personal property wherever the same may be situated, and of which I may die seized and possessed, including my residence at 11 Edwards Place, Ellen-ville, N. Y., for her own use and benefit forever. My wife shall have the right to sell such residence property at 11 Edwards Place only with the prior consent and approval of my son, Jerome Gross, and my attorney, Lawrence Levine, as to the terms of sale and as to the purchaser of the property.
‘ ‘ Fourth: In the event that my said wife shall predecease me, or in the event the property mentioned in the preceding paragraph has not been sold and disposed of by her during her lifetime, I give, devise and bequeath all of such property or the remainder thereof to my son, Jerome Gross, for his own use and benefit forever, and if he shall predecease me or my wife, I direct that his interest shall descend to his children.”
Construction proceedings are dual in nature, involving first an ascertainment of the intention of the testator, after which the legal effect thereof must be determined. (Kirchof v. Ramsey, 269 N. Y. 640.) In searching for the intention of the testator, canons of construction are used as guides. It is a well-settled rule of construction that a will should be construed, if possible, so as to give effect to every part thereof. (Matter of Birdsell, 271 App. Div. 90.) It is equally well settled that an absolute estate will not be cut down by subsequent terms unless the intention to do so is clear. (Matter of Reese, 275 App. Div. 37.)
The words used by the testator in the first sentence of Paragraph “ Third” of the will, indicate an intention to give all *777 of his property, both real and personal, to his wife, Elizabeth Gross. However, in the second sentence he restricts her right to alienate his residence and creates a condition that she can only sell his residence after she secures the consent of testator’s attorney, Lawrence Levine and testator’s son, Jerome Gross, as to terms of sale and as to purchaser. Testator evidently intended that his wife should have full use and benefit of all of his property during her lifetime. His intention in placing a restriction on his wife’s power to sell his residence was to prevent her from conveying it without receiving adequate consideration. In this respect, it is significant that Jerome Gross is testator’s son by his first wife.
In Paragraph1 ‘ Fourth ’ ’ testator provided for the disposition of all of his property, in the event that certain contingencies occurred. The first contingency he contemplated was the death of his wife, Elizabeth Gross, prior to his death. If such event occurred, he directed that his entire estate was to go to his son, Jerome Gross. The next contingency contemplated was the death of both his wife, Elizabeth Gross, and his son, Jerome Gross, prior to testator’s death. In such case, he provided that his entire estate was to go to the children of Jerome Gross. The third contingency provided for was that any property received by Elizabeth Gross from testator, remaining unsold and undisposed of by her during her lifetime, was to go, at her death, to Jerome Gross, if then living, and if then deceased, to the children of Jerome Gross. This latter provison, although not identical, is very similar to that of the testator in the case of Vincent v. Rix (248 N. Y. 76, 79). There the testator provided: “ Seventh. All the rest, residue and remainder of my property and estate, both real and personal and every name and nature, I give, devise, and bequeath unto my beloved wife, Julia Rix, to be her absolute property, provided, however, that upon the death or re-marriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law and next of kin, in shares as provided by the laws of descent and statutes of distribution of the State of New York.” There the court held that testator’s wife could not dispose of the property by will and further that she had no power to make an inter vivos gift of the property. The court further held that the words “ remain undisposed of ” limited the power of disposition for the wife’s use, comfort, benefit or support and that such user on the wife’s part would call for the exercise of good faith. In the instant case the power of disposition of all of testator’s property is the same as in the case cited with the exception that *778 before Elizabeth Gross can sell the residence property, she must procure the consent of Lawrence Levine and Jerome Gross.
For this court to hold that the disposition to Elizabeth Gross in Paragraph “ Third ” was not affected by the disposition made in Paragraph “Fourth” would be ignoring the plain meaning of the words used in Paragraph “Fourth”. This the court may not do. (Matter of Farmers’ Loan & Trust Co., 189 N. Y. 202.)
In view of the foregoing the disposition of property of the testator set forth in the “ Third ” paragraph of his will is subject to the restrictions enunciated in the “ Fourth ” paragraph.
Decree to be submitted in accordance with this opinion, upon notice.