EURCHEL E. SWERDFEGER et al., Appellants, *v.* LORETTA SWERDFEGER, Respondent.

Third Department, November 15, 1957.

*William B. O'Connell* for appellants.

*B. D. Levenstein* for respondent.

COON, J. Plaintiffs brought this action to impress a trust on certain real property known as 413 Main Street, Ogdensburg, New York, on the theory that a joint will executed by their parents, William E. and Lucy M. Swerdfeger, created a contractual obligation and an irrevocable beneficial interest in plaintiffs, which rendered ineffective a subsequent conveyance of the property by William E. Swerdfeger after the death of **Lucy.**

On December 6, 1951, William E. and Lucy M. Swerdfeger, husband and wife, executed a single joint will which left all of their property, whether owned by them jointly or severally, to the survivor. With certain minor exceptions which are unimportant here, the will then provided that, " After the death of the survivor of either of us " all of their property was left to their surviving children in equal shares.

On November 2, 1952, the Swerdfegers jointly executed a single codicil which made some changes of no consequence on this appeal, and which contained the sentence: " In all other respects we hereby ratify and confirm our joint last Will and Testament dated the 6th day of December, 1951."

At the time of the execution of both the will and codicil William and Lucy Swerdfeger owned the property which is the subject of the action as tenants by the entirety. Lucy died in December, 1953, and the joint will and codicil was probated as her will. Thereafter William married the defendant Loretta Swerdfeger, and on August 5, 1955, conveyed the property concerned to himself and the defendant for a nominal consideration. William died in August of 1956, and this controversy arose.

It is unnecessary to set forth in full the terms of the will around which this case centers, but certain language contained therein is extremely important. The will begins: " We, William E. Swerdfeger and Lucy M. Swerdfeger, his wife, * * * in consideration of the agreement of each of us to dispose of our property as hereinafter set forth, do hereby make, publish and declare this to be our Last Will and Testament ". This language, contained in a single mutually executed will, would seem to be the strongest kind of evidence that the parties had entered into an agreement that the property remaining after the death of the survivor was to go to their children, and that such agreement was irrevocable by one after the death of the other. " While the mere execution of a joint reciprocal will may not suffice to establish such a contract [citing cases] the language used by the testators in this case supplies evidence of such an underlying obligation." (*Tutunjian* v. *Vetzigian*, 299 N. Y. 315, 320.)

Throughout the joint will which we are considering the pronouns " we," " our " and " us " are consistently used. Considerable significance is given to this factor in the *Tutunjian* case (*supra*), and the opinion states, at page 320: " In short, just as in the *Rastetter* case, so here, the language of the disposing clause ' imports the joint disposition of the collective property of both, not the independent disposition by each of his own ' ". See, also, *Rastetter* v. *Hoenninger* (214 N. Y. 66) and *Hermann* v. *Ludwig* (186 App. Div. 287, affd. 229 N. Y. 544).

The fact that the property here was held by testators as tenants by the entirety at the time the will and codicil were made does not prevent the joint disposition of the property. " While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivorship, they may do so by acting in concert, as by a joint will, or by a contract." (*Azzard* v. *Azzard,* 1 A D 2d 1012.)

All of the authorities are in accord that clear and convincing proof is essential to establish a contract rendering even a joint will or mutual wills irrevocable. Such proof may be supplied by the language of the will itself or by extrinsic evidence. As we have indicated, the language of the will in question here is evidence of such a contract, and the complaint, to which the will and codicil were annexed, should not have been dismissed on motion. However, the defendant is entitled to the opportunity to refute such evidence by extrinsic evidence if such exists, and the court below properly denied plaintiffs' cross motion for summary judgment.

The order appealed from should be affirmed insofar as it denies plaintiffs' motion for summary judgment, and should be reversed insofar as it grants defendant's motion for summary judgment, without costs; and the judgment appealed from should be reversed, with costs, and the matter remitted.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Order affirmed insofar as it denies plaintiffs' motion for summary judgment and reversed insofar as it grants defendant's motion for summary judgment, without costs.

The judgment appealed from is reversed, with costs to the appellants and the matter remitted.