Joseph A. Cox, S.
The testatrix and her husband executed a joint will on March 18, 1954 and upon her death, a year and a half later, the will was admitted to probate. The husband lived until February, 1960 and upon his death the same instrument was admitted to probate as his will. Following the probate of the joint instrument as the will of the testatrix, her husband asserted a right of election pursuant to section 18 of the Decedent Estate Law. Objection to the account of the administrator with the will annexed raises at this time an issue as to the validity of that election.
The leading authority as to the legal consequences of a conjoint will is Rastetter v. Hoenninger (214 N. Y. 66) where the court determined that the conjoint will before it constituted a contract not to revoke the instrument and such contract was enforcible in equity. The conclusion that a contract was made was reached from the form and contents of the instrument itself. In this connection the court pointed out that the employment of the plural personal pronoun as well as other language in the disposing clause imported a point disposition of the collective property of both testators, that the instrument expressed a mutual concern for their children and that the cumulative effect of the full instrument proved that it was made pursuant to an agreement. Here it is beyond doubt that the testatrix and her husband were making a joint disposition of. their collective property. The first word of the instrument is the pronoun “We” followed by “this to be our last Will ”, “ We hereby revoke all Wills and Codicils ”, “ We order and direct”, “We give and devise” and “We nominate and appoint * * * our Executors ”. The testamentary plan is *761 a simple one, to divide the joint property equally between the son of the testatrix and the son of the testator.
We are not here concerned with the enforcement of a contract not to revoke a will, not only because the husband made no later disposition of his property but because the existence or nonexistence of a contract is important only so far as it affects the right of election. In the Rastetter case it was said that the agreement may have been revocable during the joint lives oí the testators but ‘ ‘ after the agreement had been executed by one dying without making a different testamentary disposition of his property and after the acceptance by the other of the benefits of the agreement, it became obligatory upon the latter ” (p. 73) and so it is here. This was a contract made for valuable considerations. The wife agreed to bequeath half of her property to the child of the husband and he in turn agreed to bequeath half of his property to her child. Any variation from these dispositions would be a violation of the contract, whether such variation was attempted by a later will or by resort to a right of election. The agreement was one by which each spouse released his or her rights in the estate of the other and, even if without consideration, would be a valid release within the language of subdivision 9 of section 18 of the Decedent Estate Law. That statute does not require the waiver or release, therein referred to, to be expressed in particular language and it is difficult to imagine a means of relinguishing elective rights in an estate more conclusive than the execution of a contract requiring distribution of the estate to be made to a person other than the surviving spouse.
The inequities of reading this contract in any other light are apparent. This testatrix was under no obligation to bequeath her property to her husband’s son. She could have drawn a will which provided her husband with the minimal benefits under section 18 of the Decedent Estate Law and left the major share of her estate to her own child. The consideration for reducing the share of her son was the husband’s agreement to treat his child in an equivalent manner. The effect of an election would be to reduce further the property passing to the son of the testatrix from his mother’s estate. Although this son is a legatee under his stepfather’s will, he is entitled to receive the benefit for which his mother contracted undiminished by claims of his stepfather’s creditors and additional administration expenses.
It is held that upon the death of the testatrix an enforcible contract existed under which the surviving husband waived and released his right of election.
*762 Nothing in the joint will can be interpreted as a full and complete release of exempt property passing by operation of section 200 of the Surrogate’s Court Act. The property identified in that statute passes outside of a will and, in the absence of a waiver or release, is not regarded as an estate asset which may be the subject of a bequest. Because of the peculiar status of such exempt property it cannot be presumed that it was within the contemplation of the parties to the contract in the absence of explicit reference. This will does identify certain personal property, including an automobile, certain furniture and enumerated household articles, and as to so much of this property as normally would be set off to the surviving spouse it is held that the husband’s agreement to their disposition under the will constituted a waiver of any statutory right to such property. The husband was entitled to the cash exemption and to so much of the exempt personal property' as was not enumerated in the will.
The objections to the account numbered 1, 2, 3, 4, 5, 7, 9 and 10 were withdrawn by written stipulation. Objection numbered 6 has been disposed of by a stipulation placed upon the record of the hearing. Objection numbered 8 pertains to the exercise of the right of election and the claim to exempt property and this objection has been disposed of by the rulings hereinabove named. Proof was taken respecting the compensation of the attorney for the administrator c. t. a. and it is held that the amount requested by him is reasonable and is allowed. Submit decree on notice settling the account.