John D. Bennett, S.
This is a proceeding brought by the decedent’s widow, the petitioner, as executrix for a construction of the decedent’s will pursuant to section 145 of the Surrogate’s Court Act. In addition thereto, she petitions the court to make a determination as to the validity of her right of election as provided for by section 145-a of the Surrogate’s Court Act.
The decedent and the petitioner executed a joint and mutual will on September 27, 1962. The introductory clause thereof sets forth that said instrument is also “ an Agreement binding upon us and the survivor ’ ’.
Each testator provided for specific bequests and disposed of the residuary as follows: “Fourth: Upon the death of one of us leaving the other of us surviving, all the property and estate of the one so dying first and all property of which she or he has power of disposal, with the exception of the specific bequests hereinabove mentioned, is hereby given, devised and bequeathed to the survivor, upon the condition, however, whatever remains of the same after the death of the survivor, is given, devised and bequeathed as hereinafter set forth in Paragraph £ Seventh ’ ”.
Paragraph “ Seventh ” provides in part as follows: “ Following the death of both of us, then all our property and estate then remaining, and all the rest, residue and remainder of the *541 property and estate of the survivor, and'all property of which we or either of us have power of disposition is hereby given, devised and bequeathed as follows.” The decedent and the petitioner ’s daughters and grandchildren are named as beneficiaries in the subsequent clause of paragraph “ Seventh ”.
The survivor is appointed executor without bond. In addition thereto, paragraph ‘ ‘ Ninth ’ ’ provides that ‘ ‘ the survivor shall not be restricted in any way in his lifetime in the matter of the bona fide disposition or use of any property belonging to either of us.”
Paragraph “Eighth” reads as follows: “We have agreed upon the foregoing disposition of our property, and in consideration hereof, it is further agreed that this Will shall be forever binding upon us and upon each of us, and shall bind our distributees and representatives; and that this Will shall not be revoked by us or by the survivor of us with the exception only that it may be revoked by a writing duly subscribed by us and executed with the formality of a Will. ’ ’
The first question before the court is to determine whether the decedent’s widow received a fee simple absolute, a life estate coupled with a general inter vivos power of appointment, or merely a life estate coupled with a restricted power of invasion.
The intent of the testator “ must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of of Fabbri, 2 N Y 2d 236, 240).
“ True it is that where a will contains words constituting an absolute gift, followed by words which disclose an intention to cut it down, but which are not clear and unmistakable in their import, the courts favor giving effect to the absolute gift” (Matter of Parant, 38 Misc 2d 933, 935). The language of paragraph “Fourth”, however, clearly indicates that the decedent restricted the gift to his spouse by setting forth the condition that whatever remains after her decease was to be “ given, devised and bequeathed as hereinafter set forth in Paragraph ‘Seventh’ ”. Accordingly the gift to the wife constituted her as a life tenant with a power of disposition during her lifetime, subject to the provisions set forth in paragraph “Ninth” (Vincent v. Rix, 248 N. T. 76; Matter of Koorbusch, 199 Misc. 861; Matter of Gross, 5 Misc 2d 775).
In the Rix case (supra), the decedent left his residuary estate to his wife “to be her absolute property, provided, however, that upon the death or re-marriage of my said wife, whatever of property or estate she may have received from pie and which *542 shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law”. The court held under such a provision the decedent’s widow could not dispose of the assets by will nor could she give away, without consideration, the property left to her. The court stated that she could dispose of the property for her needs and requirements and her judgment in this matter would be conclusive. ‘ ‘ A very broad and liberal interpretation would be given to her power of disposal ” (Vincent v. Rix, supra, p. 81).
The court clearly indicated in the Rix case that the limitation on her remarriage was another event which could terminate her life interest but made its determination that she was entitled to only a life estate with a power of invasion prior to giving consideration to the fact that her gift would have terminated had she remarried.
The contractual agreement here entered into between the decedent and the petitioner permitted them to use their property as they pleased during their lifetime short of making a different testamentary disposition or a gift to defeat the purpose of the agreement (Rastetter v. Iloenninger, 214 N. Y. 66; Rich v. Motteh, 11 N Y 2d 90). Logic would indicate that the same restriction applies to the assets received by the survivor of the agreement from his or her spouse’s estate.
The provisions of the decedent’s will are unlike those in Matter of Silverman (43 Misc 2d 909). In the latter, the decedent gave his wife his entire estate “ absolutely ” without any limitation or restriction and there was no agreement binding the parties to the provisions set forth in the will. In the decedent’s will herein the gift was not absolute and the agreement is binding (Matter of Manganiello, 45 Misc 2d 268).
Paragraph “ Ninth ” does not convert that given to the widow under paragraph “ Fourth ” into a fee simple absolute nor a life estate coupled with an unrestricted general inter vivos power of appointment.
The intent of the testator obviously was to limit the power of disposition to his wife’s use, comfort, benefit and that she would be the sole judge of what was necessary for her benefit and enjoyment, provided she exercised good faith (Vincent v. Rix, supra). The language in paragraph “ Ninth ” clearly indicates that the wife’s power of disposition should not be restricted in any way as far as good faith disposition on her behalf is concerned. It does not indicate that she could dispose of the assets without any restrictions at all. The disposition still must be made in good faith for her own benefit. She could not dispose of the property so as to defeat the contractual agreement *543 she entered into with her husband (Rastetter v. Hoenninger, supra).
“In cases where the grant of a life estate is coupled with expressions giving broad powers of disposition, the rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waste or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen. The amount which a life tenant may use for his support and maintenance rests entirely in his honest judgment and discretion which cannot be controlled or limited by the courts in the absence of bad faith or fraud ” (Matter of Britt, 272 App. Div. 426, 429).
Accordingly the court finds that the petitioner received a life estate coupled with a power of invasion for her own benefit, which power is to be exercised in her sole discretion provided she acts in good faith.
The remaining issue deals with whether or not, in view of the above finding, the petitioner has a right of election pursuant to section 18 of the Decedent Estate Law. The petitioner has been given a life estate outright guaranteeing her the entire undiminished income from the principal assets of the estate, coupled with a restricted power of invasion of the principal as set forth heretofore. Said gift satisfies section 18 of the Decedent Estate Law (Matter of Reich, 133 N. Y. S. 2d 77).
All assets, including any accumulated income received but undisposed of, owned by the petitioner at the time of her death are to be distributed in accordance with paragraph “ Seventh ” of the joint and mutual will because of her own agreement and not because of a direction by the testator that others may share in her income, which direction would normally result in an outright election (Matter of Wittner, 301 N. Y. 461).
In addition thereto, the petitioner has waived her right of election by entering into a binding joint and mutual will which was subscribed by two witnesses and the said two subscribing witnesses’ depositions are on file with the Clerk of this court (Matter of Maul, 176 Misc. 170, affd. 262 App. Div. 941, affd. 287 N. Y. 694; Matter of Clark, 26 Misc 2d 759).
The court, therefore, finds that the petitioner is not entitled to a right of election pursuant to section 18 of the Decedent Estate Law.