ESTATE OF SAUL KRAMPF, IDA KRAMPF, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6155–69.   Filed May 13, 1971.

*Stanley Zucker*, for the petitioner.
*Frank J. Smith*, for the respondent.

#### OPINION

QUEALY, *Judge:* The respondent determined a deficiency in the Federal estate tax of the Estate of Saul Krampf in the amount of

$15,637.64, together with an addition to the tax under section 6651(a)[1] in the amount of $781.89. Petitioner is the executrix of the estate.

The issues presented by the parties for decision are:

(1) Whether the petitioner is entitled to a marital deduction under section 2056 for the value of the interest in property passing to Ida Krampf under the terms of the joint will of Saul and Ida Krampf; and

(2) Whether the petitioner is liable for an addition to tax under section 6651(a).

All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are so found.

Saul Krampf (hereinafter sometimes referred to as decedent), deceased, was a resident of New Jersey at the time of his death on July 5, 1965. He was survived by his wife, Ida Krampf (hereinafter sometimes referred to as petitioner). Ida Krampf was duly appointed executrix of the decedent's estate and was serving in that capacity at the time the petition was filed. The Federal estate tax return for decedent's estate was filed with the district director of internal revenue at Newark, N.J., on October 17, 1966. The return was due on October 5, 1966, or 15 months after the date of death.

The decedent died testate leaving a will jointly executed with his wife on November 19, 1958, which provided, in part, as follows:

SECOND—It is the will and desire of each of us and the mutual wish and desire of both of us that on the death of either of us all the property of the deceased party, whether real, personal or mixed, shall descend to and become the sole and separate property of the surviving party for his or her use and benefit, forever; and for this purpose, we give, devise and bequeath to each other all of our worldly possessions, whether the same consists of real estate, personal or mixed property, of whatsoever kind and nature and wherever situated.

THIRD—It is the will and desire of each of us and our mutual desire that on the death of whichever one of us survives the other, all of our property of whatsoever kind or nature, shall be descend to and become the property of our beloved children, Corinne T. Miller, of 8 Van Winkle Street, Bloomfield, N.J., and Barbara Ann Krampf of 2083 Hudson Boulevard, Jersey City, N.J., forever, share and share alike; and for this purpose, the survivor does hereby give, devise and bequeath to our beloved children Corinne T. Miller of 8 Van Winkle Street, Bloomfield, N.J., and Barbara Ann Krampf of 2983 Hudson Boulevard, Jersey City, N.J., all of the wordly possessions of the survivor, whether the same consist of real estate, personal or mixed property, of whatsoever kind and nature and wherever situated, for their use and benefit, forever, share and share alike.

At the time of the execution of the will and at decedent's death the decedent and his wife each had interests in real and personal property. For purposes of determining the contractual nature of the will, it may thus be assumed that both had separate property which either of them could have disposed of without the consent of the other.

---

[1] All section references are to be Internal Revenue Code of 1954, as amended unless otherwise indicated.

## Issue 1. Marital Deduction

The principal issue in the instant case is whether the interest received by Ida Krampf, wife of the decedent, pursuant to a joint will executed by the decedent and his wife qualifies for the marital deduction under section 2056.[2] The respondent contends that Mrs. Krampf is contractually bound to devise to her children any unconsumed portions of the decedent's property and thus argues that the interest received by her is a terminable interest within the meaning of section 2056(b)(1).[3]

On the other hand, the petitioner contends that the legacy to Mrs. Krampf was an absolute legacy that passed an unrestricted and complete interest in decedent's property to her and that there exists no binding agreement under which such property must pass to her children.

The parties agree that any determination as to the nature of the property interests passing under the joint will must be made under New Jersey law. See *Estate of Edward N. Opal*, 54 T.C. 154 (1970), on appeal (C.A. 2, Aug. 14, 1970); *Estate of James Mead Vermilya*, 41 T.C. 226 (1963).

We believe that under New Jersey law the joint will of Saul and Ida Krampf constituted a contract between the parties to dispose of their estates jointly, the contract to be performed by the survivor. *Tooker* v. *Vreeland*, 92 N.J. Eq. 340, 112 Atl. 665 (1921); *Sellyei* v. *Lecso*, 28 N.J. Super. 593, 101 A. 2d 26 (1953).

---

[2] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c) and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

[3] SEC. 2056(b). LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

    (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

    (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

    (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

The Krampf children were third-party beneficiaries of that contract. See *Sellyei* v. *Lecso, supra.* That a contract was made is thoroughly clear from paragraph Third of the joint will. Consideration for the contract can be found in the inducement held out by the one to the other to mutually estate. *Tooker* v. *Vreeland, supra.* As both parties held interests in property at the time of execution of the contract no question exists as to the adequacy of that consideration. See *Tooker* v. *Vreeland, supra.*

Upon accepting the benefits of the contract, Mrs. Krampf became bound to devise any unconsumed property received from her husband or the proceeds of such property to her children. *Tooker* v. *Vreeland, supra.* The rights of the Krampf children in the decedent's property cannot be defeated by a new will because under New Jersey law they have the right to enforce the contract against the estate of their mother by having a trust impressed upon the assets subject to that contract. *Tooker* v. *Vreeland, supra; Sellyei* v. *Lecso, supra.* Assuredly, the courts would not allow the prohibition against such a testamentary disposition to be circumvented by an inter vivos gift intended to defeat the contract.

Under section 2056(b)(1), if there exists any possibility that the property interest received by Mrs. Krampf from the decedent may terminate, and that any part of that property will thereafter be possessed or enjoyed by a person who has an interest in such property which passed from the decedent at or before his death other than for adequate consideration, then Mrs. Krampf's interest in such property is a terminable interest. *Estate of Edward N. Opal, supra.*

After the petitioner's death, the Krampf children may possess and enjoy the decedent's property or the unconsumed proceeds of that property. As the beneficiaries of a contract entered into by their parents, the Krampf children's interest in the unconsumed property of the decedent passed to them from the decedent at or before his death other than for adequate consideration. *Estate of Edward N. Opal, supra.* Accordingly, the petitioner's interest in the property that passed to her from the decedent under the joint will was a terminable interest that does not qualify for the marital deduction under section 2056. *Estate of Edward N. Opal, supra.*

The petitioner relies on the common-law rule that a gift over after a bequest or devise of full ownership is ineffective, to establish that she received an absolute legacy under New Jersey law. Her reliance on that rule is misplaced. Whatever the validity of that rule, it has not been applied in the interpretation of joint wills. *Sellyei* v. *Lecso, supra.*

## *Issue 2. Additions to Tax*

The petitioner filed the decedent's estate tax return 12 days after it was due to be filed. The petitioner has introduced no evidence to show that her failure to file the return on the date prescribed was due to reasonable cause and thus has failed to meet her burden of proof. Rule 32, Tax Court Rules of Practice. The penalty due under section 6651 [4] for failure to file, which in this case is 5 percent, must be based on the amount of the correct tax liability rather than on the amount of tax shown to be due on the return. *C. Fink Fischer*, 50 T.C. 164 (1968).

*Decision will be entered for the respondent.*

---

[4] SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) ADDITION TO THE TAX.—In case of failure—

(1) to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, * * *

