Estate of Salvatore Aquilino, Deceased, Julio Aqualino, Executor v. Commissioner.
Estate of Aquilino v. Commissioner
Docket No. 4448-70.
United States Tax Court
T.C. Memo 1972-185; 1972 Tax Ct. Memo LEXIS 72; 31 T.C.M. (CCH) 906; T.C.M. (RIA) 72185; August 24, 1972
*72 Held: Joint will executed by decedent and his wife did not irrevocably bind the parties with respect to the disposition of their property so as to render the interest of the surviving spouse a terminable interest within the meaning of sec. 2056(b), I.R.C. 1954. Russell W. Jackson, Robinson & Henson, 120 Broadway, New York, N. Y; for the petitioner. Marion L. Westen, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, *73 Judge: The respondent determined a deficiency in the Federal estate tax of the Estate of Salvatore Aquilino in the amount of $29,701.16. Petitioner is the executor of the estate. The sole issue presented for decision is whether the petitioner is entitled to a marital deduction under section 2056[1] for the value of the interest passing to Lucia Aquilino under the terms of the joint will of Salvatore and Lucia Aquilino. All the facts have been stipulated. The stipulation of facts and exhibits attached thereto are so found. Salvatore Aquilino (hereinafter sometimes referred to as "decedent"), at the time of his death on March 6, 1966, was a resident of New York. He was survived by his wife, Lucia Aquilino. Julio Aqualino was duly appointed executor of the decedent's estate and was serving in that capacity at the time the petition was filed. The Federal estate tax return of the decedent's estate was filed with the district director of internal revenue in Brooklyn, New York, on June 2, 1967. The return showed a gross estate in the amount of $237,917.46, an adjusted *74 gross estate in the amount of $222,145.40, and claimed a deduction on said return in the same amount of $111,072.70, as a marital deduction on account of bequests to the surviving spouse of the decedent pursuant to section 2056(a). The will in question was executed by the decedent and his wife on January 31, 1958, at which time the decedent was approximately 70 years of age and had been married to his surviving spouse for almost 50 years. He was survived by his wife and four children, and one infant grandson, the son of a predeceased son. The will, except for the witnesses' attestation, reads as follows: LAST WILL AND TESTAMENT WE, SALVATORE AQUILINO and LUCIA AQUILINO, and each of us, residing at Overlook Road, Locust Valley, Nassau County, New York, being of sound and disposing mind and memory, do make, publish and declare this as our respective Last Wills and Testaments in manner following, that is to say: FIRST: Upon our respective deaths, we do hereby direct that our respective just debts and funeral expenses be paid. SECOND: Upon the death of one of us leaving the other of us surviving, all the property and estate, of every kind and nature wheresoever situate of the *75 one so dying first of which he or she has power of disposal, is hereby given, devised and bequeathed to the survivor. THIRD: In the event that we both die at the same time or in the event that one of us survives the other, then upon the death of the survivor of us, all the estate and property of which we or the survivor of us have power of disposal, irrespective of who owned the same in the beginning, is hereby given, devised and bequeathed to our four children ANGELO, JULIO, MADELYN and ANGELINE, and our grandson ANTHONY, who is the child of our deceased son ANTHONY, to share and share alike. LASTLY: We each nominate, constitute and appoint our son JULIO as the Executor of this our Last Will and Testament and that of each of us and direct that no bond or other security should be required. IN WITNESS WHEREOF, we have hereunto subscribed our names this 31st day of January, 1958. SALVATORE AQUILINO + LUCIA Her mark AQUILINO 907 The respondent disallowed a part of the amount claimed as a marital deduction on the grounds that the interest received by the decedent's spouse pursuant to the will was a "terminable interest" as defined in section 2056(b). [2]
*76 The respondent takes the position that the surviving spouse was given a life interest in the decedent's property with the power to consume, subject to an obligation to bequeath the property upon her death to the named children and grandchildren. If respondent has correctly interpreted the legal effect of the will, the interest acquired by the surviving spouse would constitute a terminable interest as defined in section 2056(b). Estate of Edward N. Opal, 54 T.C. 154, affd. 450 F. 2d 1085 (C.A. 2, 1971); Estate of Saul Krampf, 56 T.C. 293 (1971). On the other hand, the petitioner argues that the surviving spouse took under the will free and clear of any restrictions. Following the death of the decedent, the petitioner brought a proceeding in the Surrogate's Court for Nassau County, State of New York, for a construction of the joint will. A special guardian was appointed to represent the minor grandson. The special guardian contended that the surviving spouse did not receive the entire estate without restrictions, but only a life use with a power to consume. After briefing, argument and reargument, the Surrogate rendered an opinion holding *77 that the will did not constitute a binding contract and that the surviving spouse was given the entire estate without any contingencies. Unfortunately, however, the Surrogate's decision is not determinative in this Court. Commissioner v. Bosch, 387 U.S. 456 (1967). It is agreed that the nature of the interest passing under the will is governed by the laws of the State of New York. Under New York law, this would in turn depend primarily upon the intent of the parties. Rubenstein v. Mueller, 19 N. Y. 2d 228, 278 N.Y.S. 2d 845 (1967). Furthermore, any intent of the parties irrevocably to dispose of their property in accordance with a joint will is not to be inferred solely from the fact that they executed such a will. Swerdfeger v. Swerdfeger, 4 App. Div. 2d 535, 167 N.Y.S. 2d 775 (1957); Estate of Zeh, 24 App. Div. 2d 983, 265 N.Y.S. 2d 257, affd. 18 N. Y. 2d 900, 276 N.Y.S. 2d 635 (1966); In Re Silverman's Estate, 43 Misc. 2d 909, 252 N.Y.S. 2d 587 (1964). New York courts have looked both to the language of the will itself as well as collateral evidence. In this case, respondent has relied solely *78 on the will itself. There is no collateral agreement such as was present in Tutunjian v. Vetzigian, 299 N. Y. 315, 87 N.E. 2d 275 (1949). There are no prior wills or drafts of wills from which an intent initially to contract can be inferred as was the case in Rubenstein v. Mueller, supra.The will itself fails to contain a recital as to consideration such as was embodied in the will before the court in Swerdfeger v. Swerdfeger, supra. Looking to the will, the document purports to be the "respective Last Wills and Testaments" of the decedent and his spouse. The document then proceeds to give to the survivor "all the property and estate, of every kind and nature wheresoever situate of the one so dying first." Upon the death of the survivor, the document then provides that "all the estate and property of which we or the survivor of us have the power of disposal, irrespective of who owned the same in the beginning, is hereby given, 908 devised and bequeathed" to their children and the child of a deceased son, share and share alike. While such language might be regarded as evidence of an intent by the parties contractually to bind themselves, *79 it is not conclusive. Swerdfeger v. Swerdfeger, supra.It is equally consistent with an intent on the part of the decedent merely to save his spouse the necessity to make such a decision. In Re Silverman's Estate, supra. At the time that the will was executed, the decedent was approximately 70 years of age and had been married to Lucia Aquilino for almost 50 years. During the 45 years preceding his death, he had served as a gardener for a Mr. Christopher D. Smithers, on whose property he had made his home. Lucia Aquilino could not write her name. They were of Italian descent. In the tradition of his generation, the husband was the head of the family. The decedent's spouse put her mark, "X," on a will prepared for her husband and herself, bequeathing whatever property either might have to their children and grandchild, the child of a deceased son. Unquestionably, this was in accordance with her intentions. However, we cannot conclude - as the respondent must - that by that act alone she knowingly entered into a binding agreement so to dispose of her property. This Court said in Oliver G. Willits, 50 T.C. 602, 617 (1968), that "the principles *80 enunciated in Bosch do not, in our view, justify a Federal court's redetermining the rights of a taxpayer where the determination of those rights has undoubtedly been committed by State law to the sound discretion of a trial court, and such discretion has been exercised and not clearly abused. Cf. Herman A. Moore Trust, 49 T.C. 430, 440-441." While this Court is not bound by the decree of the Surrogate's Court, we certainly cannot say on the basis of the facts before us that it was in error. In fact, upon the record before us, we are constrained to reach the same decision. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. * * * (b) Limitation in the Case of Life Estate or Other Terminable Interest. - (1) General Rule. - Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest - (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no such deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B)) - (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust. For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.↩