Charles H. Griffiths, S.
The issues presented in this executors’ accounting proceeding relate to the rights of a former wife of testator by virtue of a separation agreement and under a prior will, as opposed to the right of election asserted by the surviving spouse of the decedent by a subsequent marriage.
The decedent was married in 1908. There were two daughters of this marriage. On May 27, 1927 the decedent executed a will and devised and bequeathed his entire residuary estate to trustees and directed that the entire income from a primary trust be paid to his wife during her lifetime, or until her remarriage. Provision was also made for separate secondary trusts, the income of which was payable to each of testator’s daughters during their lives, with remainders to their respective issue, or in default of issue then surviving, to the heirs at law of the testator.
On October 28,1937 decedent entered into a separation agreement which provided for payments to his wife of $6,000 annually in monthly installments of $500. By the terms of said agreement decedent also covenanted to maintain the above-mentioned will unchanged in any respect affecting the interest of his wife or daughters during the lifetime of the wife. By decree dated December 20, 1937 the wife obtained a Nevada divorce against decedent which incorporated the provisions of a separation agreement relating to the support of the wife. Decedent remarried on December 24, 1937 and the wife by this marriage has filed a notice of election herein as the surviving spouse of the decedent, pursuant to section 18 of the Decedent Estate Law.
On July 18, 1946 decedent executed a codicil to his will, the effect of which was to revoke specific bequests to a named *939 individual, who is not interested in this proceeding, and to appropriate the entire net estate to the above-mentioned trusts for the benefit of his wife and children.
Decedent died on August 20, 1951. His will and codicil were admitted to probate by a decree of this court dated October 2,1951. In addition to his wife by each marriage, decedent was survived by two daughters and one grandchild, issue of the first marriage.
The surviving spouse of the decedent contends that her right of election is superior to the rights of the former wife of testator under the provisions of the separation agreement, as well as the testamentary benefits accorded the first wife and children under the 1927 will. Testator’s former wife asserts that the entire net estate should be set apart to provide the source for the payment of the sum of $6,000 annually required to be made pursuant to the provisions of the separation agreement, and that her rights and those of the children under the 1927 will are superior to any right of election in favor of the surviving spouse. It is argued that the execution of the codicil after September 1,1930 constituted a violation of the separation agreement since otherwise no right of election would have existed in favor of the surviving spouse. However, the rights of the surviving spouse were not increased thereby since in the absence of such codicil the will would have been revoked by the subsequent marriage pursuant to section 35 of the Decedent Estate Law, which, in the absence of an antenuptial agreement, would have revoked the 1927 will, and entitled the surviving wife by a subsequent marriage to the share which she would have received if such will had not been made.
Clearly the right of election is subject and subordinate to any claim of the former wife as a creditor of decedent. It follows, therefore, that as to the amounts required to satisfy the payments of $6,000 annually to be made to the former wife of decedent, she is a creditor of decedent (Barnes v. Klug, 129 App. Div. 192; Matter of Hoffman, 108 Misc. 612; Matter of Fuller, 151 Misc. 387) and the rights of the surviving spouse to elect to take against the will are subordinate to this indebtedness. By the provisions of the separation agreement, the estate of the husband was charged with the annual payments of $6,000 agreed to be made to the former wife during her lifetime. The separation agreement therefore not only created a personal obligation upon decedent to make such payments during his lifetime, but also expressly charged his estate with the liability for the continuance of such payments after his death. Since the right of election of the surviving spouse under section 18 *940 of the Decedent Estate Law extends to a share of only the net estate such right of election would embrace only the balance of assets remaining after deducting the amount required to satisfy the indebtedness due the former wife under the separation agreement.
However, by the provisions of the settlement agreement to the effect that the will was to remain unchanged, the former wife of decedent and his children are legatees and not creditors of testator, and the rights of the surviving spouse are paramount to the rights of the widow and children of the former marriage, under the 1927 will. The distinction is one between a direction to make a gift or conveyance and a promise to make a testamentary provision. (Matter of Kidd, 188 N. Y. 274, 278.) The breach of an agreement to make a testamentary provision would not constitute the wife a creditor but would create an equitable right to enforce the obligation of the deceased husband. (Matter of Tanenbaum, 258 App. Div. 285.) In this respect the former wife and the children of said marriage are regarded as legatees and not as creditors, and their rights are subordinate to the right of election of the surviving spouse. (Matter of Hoyt, 174 Misc. 512; Matter of Searles, 82 N. Y. S. 2d 219.)
An examination of the account discloses that the balance of assets in the hands of the executors consists of cash in the sum of $14,584.20 and 901 shares of stock in a close corporation valued in the account at $105,417, subject to payment of commissions and the expenses of the accounting. It appears that the value of the shares of stock is uncertain and that, although such stock has been yielding a return of approximately 6% yearly, on the basis of the present rate of return the annual income would approximate $5,400, an amount insufficient to satisfy from income the payments of $6,000 annually required by the separation agreement. Whether or not the present rate of return will continue to be realized is uncertain.
Obviously a reservation of the entire balance of assets in order to meet the payments of $6,000 annually would defeat or diminish the rights of the surviving spouse, or delay their enforcement, during the lifetime of the former wife of decedent, and prevent or postpone a setting up of the trust for the benefit of the former wife and children of decedent.
At the death of the decedent his former wife was 65 years of age and had a life expectancy of 11.10 years. The present value of such annuity based upon her expectancy and an annual interest rate of 4% under the Experience Table of Mortality is capable of computation. Treating this amount as a debt against the estate of decedent would provide a basis for the computation *941 of the net estate of the decedent for the computation and satisfaction of the elective share of the surviving spouse, and also provide a means of ascertaining the amount of the residue of the estate comprising the trust for the benefit of the former wife and daughters of testator.
Even where an annuitant has no right to take his annuity in a capital sum, the court in a proper case nevertheless may compute and determine the commuted value of such annuity and require the payment of the capital sum to the annuitant. (Matter of Harris, 276 App. Div. 990; Matter of Fuller, supra.) At common law the gift of an annuity was regarded as a legacy of the definite sum required to purchase the annuity. (Matter of Cole, 219 N. Y. 435.) And although section 47-b of the Decedent Estate Law limited the common-law right of an annuitant under a will to take the capital sum except as therein specified, express provision was made therein to preserve the rights of a surviving spouse under section 18 of the Decedent Estate Law. In Buchanan v. Little (154 N. Y. 147) annuities charged against the residuary estate were directed to be valued and paid to the annuitants in order to permit distribution of the residue to the remaindermen discharged of such lien. A similar direction was made in Dunham v. Deraismes (165 N. Y. 65). Matter of Grimley (200 Misc. 901) is not regarded as a holding to the contrary.
The court accordingly directs that the value of the annuity be computed in the manner above set forth in order to fix the indebtedness due the former wife of decedent and to provide a basis for the computation and satisfaction of the elective share of the surviving spouse.
Submit decree on notice accordingly settling the account as filed.