•Bebgakt, J.
(dissenting). In this action by a testamentary beneficiary for specific performance of an agreement between spouses for disposition of property by a joint will, the second and surviving wife pleads as an affirmative defense that she ‘ ‘ is entitled to a right of election pursuant to Section 18th of the Decedent Estate Law ”.
The judgment at Special Term and the order at the Appellate Division accorded no recognition to this asserted right of election; and the question is squarely presented by defendants-appellants on this appeal.
The ‘ ‘ personal right of election” of a surviving spouse to take his share of the estate “ as in intestacy ” is a right which cannot be impaired by any testamentary disposition effected by the other spouse.
The Commission to Investigate Defects in the Laws of Estates proposed the creation of a right of election in its report to the Legislature in 1928 (N. Y, Legis. Doc., 1930, No. 69) as a substitute for dower.
It reported that in line “ with the progressive policy of modern legislation, and in place of dower, the Commission recommends that there be substituted the right of the widow to take her intestate share against the provisions of the will ” (p. 87). The right of election was intended to end “ a glaring inconsistency in our law” (p. 86). The recommendation resulted in the enactment of the predecessor of present section 18 in 1929 (L. 1929, eh. 229).
It is rather clear that if the property concerning which the election of a surviving spouse is made is property in the estate *236 of the decedent, and an attempt is made to pass it by will, the election is valid against snch a will; and the surviving spouse takes to the extent of the statutory formula as in intestacy.
A different result cannot be made to occur because the will is executed in accordance with a good contract; or is executed before the marriage of the surviving spouse; or because of the accident of where or how the property transferred originated. The election is a “ personal right ” in a surviving spouse against all wills whenever and however executed.
The husband, after the death of the first wife in the present case, had complete title to the real property that had been held by the entirety and he had title to the proceeds of the joint bank accounts. He had a contractual obligation with his deceased wife to continue the joint will in effect; but there was certainly no resulting trust.
He could have given the property away or consumed it without any fiduciary accountability whatever to this plaintiff and plaintiff had no interest of ■ any kind enforcible against such property during his lifetime and at his death she had the benefit of a contract to make a will which is enforcible subject to the right of election of the surviving wife.
The basic legal effect of the execution of the superseding will is to be seen in Tutunjian v. Vetzigian (299 N. Y. 315). There it was held that when there is a breach by one of the parties of an agreement expressed in a joint will not to revoke it, the court will recognize the legal power of the testator to do this, but equity will compel his executor and beneficiaries “to perform the contract” of their decedent (299 N. Y. 315, 319, per Fuld, J.).
This means in legal theory that the property is deemed in the estate and subject to testamentary disposition, but the court will control the disposition posthumously. It follows that the surviving spouse’s right of election to an intestate share is assertable against the estate and against any will which would cut her off.
Such an interpretation, indeed, was addressed by Surrogate Foley to section 18 in Matter of Hoyt (174 Misc. 512 [1940]). Surrogate Foley had been chairman of the Commission on Estates which had proposed the enactment of the “personal right of election ” in substitution for dower.
*237 In Hoyt, the husband had made a binding contract in a separation agreement to create a trust for his first wife with the remainder to her children. The second wife, a surviving spouse, exercised her right of election against the will executed in accordance with this valid agreement. The court held the rights of the first wife and her children were “ not superior to those of the surviving widow ” (p. 514).
There was in that case, accordingly, a binding contract to make a will, and a will was made in pursuance of it. Yet the agreement and the will were compelled to yield to the right of the second wife as surviving spouse to elect to take as in intestacy. The superficial factual differences between that case and this one do not affect the common principle which unifies them. Matter of Erstein (205 Misc. 924) and Matter of Lewis (4 Misc 2d 937) are consistent and based on Hoyt.
When it comes to a matter of the equities involved in this equitable action, the surviving spouse who seeks to make the election which the statute gives her is possessed of superior equitable rights. She married decedent on March 12, 1963. In August, within six months of this marriage, decedent became ill of cancer from which he died 10 months later, on June 28, 1964.
It is expressly stipulated that the surviving spouse “ took care of him and nursed him until he died ”. As far as the record shows, the plaintiff, a niece of the first wife, did nothing for the testator, and it seems not unreasonable that the surviving widow’s share, at least, of the property which decedent had accumulated and which is not shown to have been derived individually from the first wife, go to the surviving spouse on her election. No one would suggest that, had dower been continued in New York, this joint will could have defeated the surviving wife’s dower and the right of election, as a statutory substitute for dower, is much the same thing.
The order should be modified to allow the appropriate scope to be given to the right of election of the surviving spouse.
Judges Van Voobhis, Scileppi, Keating and Breitel concur with Judge Bubke; Judge Bergan dissents in an opinion in which Chief Judge Fuld concurs.
Order affirmed.