In the Matter of the Estate of WALTER D. DUNHAM, Deceased. MARY J. DUNHAM, Appellant; MARINA R. DUNHAM, Respondent.

Third Department, May 20, 1971.

*Streifer & Barnovitz* (*Abraham Streifer* of counsel), for appellant.

*John E. Egan* for respondent.

HERLIHY, P. J. This is an appeal from a decree of the Surrogate's Court of Greene County, entered August 17, 1970, which, *inter alia,* decreed that the right of Marina R. Dunham to elect against the will of her deceased husband is superior to the rights of petitioner, Mary J. Dunham, as a legatee under decedent's will.

On August 9, 1967, the decedent, Walter Dunham, and Mary J. Dunham, the petitioner, then husband and wife, executed a separation agreement which, *inter alia,* provided for a division of jointly owned property, life insurance having an aggregate value of $40,000 in full force and effect and a proviso not to change the petitioner as beneficiary, payment of $200 per week to petitioner until her death or remarriage, a division of the proceeds of a particular mortgage, assumption of all liabilities by the husband, and agreement by the petitioner to care for the husband's mother, if she survived. In addition, there was the following: " 6. The husband also agrees to make and execute a Will, simultaneously with the execution of this agreement, under which he shall devise and bequeath all of the stock which he may own in the Dunham Tunnel and Excavation Corporation, Rock Construction Corporation and Cabot Construction at this time to the wife, to be hers absolutely."

Thereafter there was a divorce between the petitioner and the decedent on August 31, 1967 and the decedent subsequently married the respondent executrix. The decedent's will was admitted to probate and it stated: " Third: In compliance with a certain Separation Agreement dated August 9, 1967 between myself and my former wife, Mary J. Dunham, * * * I hereby give, devise and bequeath to said Mary J. Dunham, all of the stock which I might own at the time of my death, in Dunham Tunnell and Excavation Corporation; Rock Construc-

tion Corporation and Cabot Construction Corporation, to be hers absolutely."

When the will was filed for probate, a notice of election was also filed by the respondent pursuant to EPTL 5-1.1 (formerly Decedent Estate Law, § 18).

The principal assets of the estate consisted of 93 shares of Dunham Tunnell and Excavation Corporation, which is the subject matter of the provisions of the separation agreement and the will, and which the petitioner contends is not subject to the right of election filed by the respondent.

EPTL 5-1.1 provides in part that where a testator executes a will and is survived by a spouse, personal right of election is given to the surviving spouse to take a share in the decedent's estate. The present will having been executed in November, 1967 is subject to the provisions affecting such right of election subsequent to August 31, 1966. If respondent is entitled to an election, her interest would be "one-half of the net" computed as authorized by the section.

It should be noted that since the original enactment of former section 18 of the Decedent Estate Law, all amendments and changes thereto have further strengthened the right to elect, and clarified court decisions which had limited the spouse's right to elect. In other words, there has been no eroding of the statute which makes no exceptions aside from "waiver or release of right of election" which, to be valid, must be in accordance with "terms" outlined in the section.

Before this court the petitioner queries the right of respondent to elect as to the shares of stock as part of the said estate and a subsidiary issue as to the right of the respondent executrix to retain title and vote the shares.

In determining the rights of the respective parties, the equities, if any, are given consideration. (See *Rubenstein* v. *Mueller,* 19 N Y 2d 228, 234, 237; *Mofsky* v. *Goldman,* 3 A D 2d 311.)

The *Rubenstein* action concerned an executed joint will and in arriving at its decision the court stated at page 234: " In these cases [cited below] the learned Surrogates correctly held that the former wife's right to specific enforcement of the agreement must give way to the widow's statutory right to a share in her husband's estate. (*Matter of Lewis,* 4 Misc 2d 937; *Matter of Erstein,* 205 Misc. 924; *Matter of Hoyt,* 174 Misc. 512.) These cases are, however, distinguishable from the instant case and they present different equitable considerations."

The *Mofsky* action was for specific performance. The issue involved stocks of a closed corporation — such as in the present

action—and the court found that in order to determine the equities raised in the answer by affirmative defenses, a trial should be "had to determine whether equitable relief is available" (p. 316).

Such a trial has been held in the present case and the Surrogate in arriving at his decision stated: "The decedent did not make a present conveyance or transfer of the shares of stock. He made an agreement to make a will and consequently it is the finding of this court that the court reads the words ' at this time ' in paragraph 6 of the separation agreement as necessarily referring back to the words ' stock which he may own '. No intention to make a present transfer may be found in that document." (63 Misc 2d, at p. 1034).

The record supports the factual finding and requires our affirmance. (See *Edson* v. *Parsons,* 155 N. Y. 555, 563; *Rastetter* v. *Hoenninger,* 214 N. Y. 66, 73.)

With reference to the issue as to the right of the executrix to retain title and vote the shares of stock, it should be noted that upon the death of a testator, the specific legacy vests in the legatee and the executor has the right to retain title and apply such legacy, if necessary, to discharge the debts and expenses of the estate, and in this particular case to the satisfaction of the widow's statutory right of election.

The Surrogate has determined in the present proceeding that it will probably be necessary to sell part of the shares for the purpose of paying the said expenses and for that reason, directed the transfer of the stock to the name of the executrix and the right to vote the same "for the benefit of the estate".

It has not yet been determined either as to the manner or details of any proposed sale of the stock and, accordingly, there is no issue before us at the present time as to what consideration should be given to the rights of the petitioner upon such a sale. It would seem obvious that the direction of the Surrogate to vote the stock "for the benefit of the estate" implicitly requires that any such voting be in no way harmful to the best interests of the petitioner as the presumptive taker of a portion of the stock and as a creditor of the estate to the extent of about $139,000.

The decree should be affirmed.

REYNOLDS, STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Decree affirmed, with costs to all parties filing briefs payable out of the estate.