[709 NYS2d 902]

In the Matter of the Estate of ROSE M. ALENT, Deceased, Respondent. MURY B. ALENT, Appellant.

Fourth Department, July 7, 2000

## APPEARANCES OF COUNSEL

*Woods Oviatt Gilman Sturman,* Rochester (*Rene H. Reixach, Jr.,* of counsel), for appellant.

*Underberg & Kessler,* Rochester (*Thomas A. Rall* of counsel), for respondent.

### OPINION OF THE COURT

SCUDDER, J.

Rose M. Alent (decedent) was a faculty member at SUNY-Geneseo for several years prior to her death. Her participation in retirement plans known as the Teachers Insurance and Annuity Association of America and the College Retirement Equities Fund (TIAA/CREF) began on November 3, 1964, when she was issued two deferred annuity contracts. On both contracts, she designated her beneficiaries as "my children." At that time, decedent had two daughters and was not married. On November 18, 1992, decedent signed an authorization to begin receiving retirement income from her group retirement annuities. In selecting the method by which the annuities would be paid, decedent again designated her two children as beneficiaries in the event of her death. The method of payment selected by decedent was to convert the deferred annuity contracts into three pay-out contracts to be issued on January 1, 1993.

Decedent died on March 9, 1997, whereupon petitioner, decedent's husband, commenced this proceeding in Surrogate's Court seeking a determination that the three 1993 pay-out contracts were testamentary substitutes, thereby subject to petitioner's right of election as the surviving spouse (*see,* EPTL 5-1.1-A [a] [3]; [b] [1] [G]). The issue before us, which appears to be one of first impression in this State, is whether the court properly determined that the three pay-out contracts were not testamentary substitutes.

Certain inter vivos dispositions of a decedent's property are subject to the right of election of the surviving spouse (*see,* EPTL 5-1.1-A [b]). Those dispositions are "[a]ny money, securities or other property payable under a thrift, savings, retirement, pension, deferred compensation, death benefit, stock bonus or profit-sharing plan, account, arrangement, system or trust * * *. *Notwithstanding the foregoing, a transaction described herein shall not constitute a testamentary substitute if the decedent designated the beneficiary or beneficiaries of the plan benefits on or before September first, nineteen hundred ninety-two and did not change such beneficiary designation thereafter*" (EPTL 5-1.1-A [b] [1] [G] [emphasis supplied]).

The dispute between the parties to this proceeding centers on whether decedent created a new retirement plan when she selected the method by which the annuity contracts would be

paid. According to petitioner, the designation of beneficiaries for the three pay-out contracts was a transaction, thereby creating a new retirement plan as an inter vivos disposition within the meaning of EPTL 5-1.1-A (b) (1) (G). Petitioner further contends that any beneficiary designation made after September 1, 1992 constitutes a change in the beneficiary designation within the meaning of EPTL 5-1.1-A (b) (1) (G). He contends that, by designating her children as beneficiaries on the three pay-out contracts after September 1, 1992, decedent thereby "changed" the beneficiary designation within the meaning of EPTL 5-1.1-A (b) (1) (G). Thus, petitioner contends that the three pay-out contracts do not fall within the statutory exception and constitute testamentary substitutes.

We agree with respondent, however, that the conversion of the annuity contracts to the three pay-out contracts merely provided the method of payment for the plan benefits during decedent's retirement; it did not create a new retirement plan. Decedent participated in the same retirement plan from November 3, 1964 until the date of her death, and the designation of her children as death beneficiaries remained unchanged. Inasmuch as no new beneficiary was designated after the original designation of decedent's children in 1964, the exception to the requirement that a retirement plan be treated as a testamentary substitute provided for in EPTL 5-1.1-A (b) (1) (G) applies.

We recognize that the Legislature intended that inter vivos dispositions generally be subject to the right of election by a surviving spouse (*see generally,* EPTL 5-1.1-A). However, the Legislature explicitly narrowed those dispositions subject to the right of election by exempting certain dispositions for which a beneficiary was designated before September 1, 1992 and not changed thereafter (*see,* EPTL 5-1.1-A [b] [1] [G]). Petitioner's interpretation of the statute violates the plain meaning of the exemption. We further note that adopting petitioner's interpretation of the statute would in effect deny a participant in a retirement plan the opportunity to elect retirement options offered by the retirement plan without the unintended consequence of simultaneously converting a nontestamentary substitute to a testamentary substitute. Accordingly, we conclude that the order should be affirmed.

PINE, J. P., WISNER and HURLBUTT, JJ., concur.

Order unanimously affirmed, without costs.