## QUINN V. QUINN.

1. Where a child was adopted by Q. by legal proceedings, and, as an inducement to the mother, a widow; to consent to the adoption of such child, Q. agreed that such child should inherit and be entitled to his share of Q.'s property as such child and heir, after such child has performed his contract, and remained in the family of Q. until he has attained his majority, Q. cannot deprive such child of his rights as such heir by fraudulently and without consideration disposing of his property in his lifetime or by will, for the purpose of depriving such child of such right to his share of the property.

2. The agreement so made between the mother of such child and Q. is not affected by the statute of frauds, and it does not relate to a sale or transfer of real estate or of an interest therein.

3. The heirship of such child is established by the order of the court in the proceedings adopting such child, and the only effect of the agreement is to prevent Q. from depriving such child of his rights as heir to his property by any fraudulent transfer, or transfer without consideration,

or by will, of his property, made for the purpose of depriving such child of his share of Q.'s estate.

(Syllabus by the court. Opinion filed April 26, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to set aside certain conveyances to realty and to decree plaintiff's right to an interest therein. A demurrer to the complaint was overruled, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

The only theory of the complaint upon which a recovery is sought seems to be that the plaintiff by reason of being adopted as a child and heir of Quinn, acquired some vested right in his property which would prevent the said Quinn of disposing of it by gift, and thus lessen the amount of plaintiff's inheritance. The adoption of the plaintiff placed him on the same footing in all respects in relation to the person adopting him which a child has by law against lawful parents. But a child, by reason of services for the parent, no matter how faithful or remunerative such services may be, gains no right to a will in his favor or a transfer to him of the parent's property, and he may be disinherited by gift or will of that property. This case is not one upon contract, but if the theory were that it was based upon a contract, it is a verbal one, and so far as it relates to personal property being one not to be performed within a year is within the statute of frauds and void. So far as the plaintiff's claim relates to real estate, being based upon an alleged verbal agreement it is within the statute of frauds and therefore void. Ellis v. Carey, 74 Wis. 174; Wallace v. Long, 105 Ind. 522; Ellis v. Carey, Gorman v. Dodge, 122 Ill. 528; Shearer v. Weaver, 56 Ia. 578; Pond v. Sheehan, 132 Ill. 312; Purcell v. Coleman, 71 U. S. 513.

Where it appears upon the face of the complaint that the contract is verbal, the defendant may take advantage of the statute of frauds by a general demurrer. Randall v. Howard,

67 U. S. 585; Walker v. Locke, 5 Cush. 90; Ahrend v. Odiorne, 118 Mass. 261; Manning v. Pepper, 36 Ala. 357, 11 Am. Rep. 46.

    *J. D. F. Smith* and *J. W. Jones*, for respondent.

    Cited the following cases: Johnson v. Hubbel, 10 N. J. 332; Wright v. Tinsley, 30 Mo. 389; Gumpton v. Gumpton, 47 Mo. 37; Parcell v. Stryker, 41 N. Y. 480.

    CORSON, P. J. The complaint in this action is very lengthy, and we shall only attempt to give the substance, except as to two paragraphs, which we deem specially important. In October, 1868, the plaintiff, being a little over nine years of age, was adopted by Hollis S. Quinn, the husband of the defendant, by virtue of statutory proceedings, in the state of Illinois; the plaintiff's mother, then a widow, consenting thereto. It is alleged in the complaint: That Quinn was desirous of adopting the plaintiff as a child of his own, and making him one of his heirs at law, and bestowing upon him all the rights, privileges, and emoluments that he could enjoy and could be entitled to had he been born to the said Quinn as his own child; and "that, in pursuance of said intention so formed by said Hollis S. Quinn, at his special instance and request, complainant's mother did, about the 26th day of October, 1868, enter into a contract with said Hollis S. Quinn, by virtue of which she did give her consent to the adoption of your complainant by said Hollis S. Quinn, on the express terms and conditions that your complainant was to live with the said Hollis S. Quinn until he was twenty-one years of age, and was to work for and serve said Hollis faithfully, be kind and obedient to said Hollis, and in consideration thereof the said Hollis Quinn was to board, clothe, and send your petitioner to school at least three months out of each and every year, and when your complainant arrived at the age of twenty one years was to give him a good span of horses, harness, and wagon, and was to give him enough farming machinery to enable complainant to start farming for himself; and also to make com-

plainant one of his heirs at law, and be entitled to inherit with his other heirs a just and full portion of said Hollis S. Quinn's property at the time of his death. That in pursuance of said verbal agreement entered into between your complainant's mother on complainant's behalf and said Hollis S. Quinn, the said parties on or about the 26th day of October, 1868, went before the county court of Bureau county, Illinois, which was at that time a court of general jurisdiction, and clothed with power and authority to do all things that was required and necessary to be done under the laws of the state of Illinois to lawfully cause your complainant to become the lawfully adopted son and heir at law of said Hollis S. Quinn." That such proceedings were had that an order was made, the material parts of which are as follows: "It also appears to the court that the mother has given her consent to the adoption of said male child; and it appears to the court from all the testimony in the case that it would be to the best interest of the said child to make an order declaring said child to be the adopted child of the petitioner, Hollis S. Quinn, making said child capable of inheriting said Hollis' estate. It further appears that it is the desire of said petitioner and the mother of said male child that it be ordered by the court that the name of said child be changed, and that his name hereafter be Charlie Fuller Quinn. It is therefore ordered, adjudged, and decreed by the court that the prayer of said petitioner be granted; and it is further ordered by the court that the said male child, Charlie Fuller, be declared to be the adopted child of Hollis S. Quinn, the petitioner; and it is further ordered and declared that said male child, Charlie Fuller, shall be capable of inheriting the estate of said Hollis S. Quinn; and it is further ordered by the court that the name of said male child shall be Charlie Fuller Quinn; and it is further ordered and declared that thenceforward the relation between said Hollis S. Quinn and said adopted child, Charlie Fuller Quinn, shall be, as to their legal rights and liabilities, the same as if the relation of parent and

child existed between them, except that said Hollis S. Quinn shall never inherit from said Charlie Fuller Quinn." That thereafter the plaintiff remained in the family of said Quinn until about July 15, 1880, when he attained his majority. That while he so remained with said Quinn he was required to and did perform much hard manual labor, and largely aided said Quinn in acquiring a property which amounted to about $15,-000. That said Quinn died in Sioux Falls, in this state, in 1891, leaving the defendant, who is the widow of said Quinn, two daughters, and this plaintiff his sole heirs at law. The complaint then alleges that said Quinn, prior to his death, entered into an unlawful and corrupt agreement with the defendant to place his property in a condition so that this plaintiff could not reach the same, and have said property in such condition that the plaintiff could not inherit the same; and that in pursuance of such corrupt and unlawful agreement the said Quinn did convey and transfer to the defendant large portions of his property without consideration, and just prior to his death made a will, by which he gave, bequeathed and devised to said defendant the residue of his estate, real and personal, for the express purpose of defeating this plaintiff. The plaintiff prays judgment that the said conveyances and transfers from said Quinn to the defendant, so far as they effect his interests, be set aside, and that plaintiff's right to one-third of two-thirds of said property be decreed to him, etc. To this complaint the defendant interposed a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendant appeals, assigning as error the overruling of said demurrer.

The principal ground relied on by appellant for a reversal of the order of the court below is that by the complaint it affirmatively appears that the agreement alleged to have been made by said Quinn with the mother of the plaintiff at the time of his adoption was not in writing, and was therefore invalid.

The respondent contends that the fact that the plaintiff is heir of Quinn is conclusively established by the order. We fully agree with counsel in this contention. The order is that said plaintiff "shall be capable of inheriting the estate of said Hollis S. Quinn," and "that henceforward the relation between the said Hollis S. Quinn and said adopted child * * * shall be, as to their legal rights and liabilities, the same as if the relation of parent and child existed between them." It is true that neither in the recitals in the order nor in the order itself is there any allusion to any contract other than that the mother consented to such adoption, and the proceedings resulting in such adoption; but the fact that the plaintiff was legally adopted and declared to be the heir of said Quinn constitutes an important element in this case in determining the legal rights of the plaintiff, independently of the contracts between the mother of the plaintiff and said Quinn. The contention of the appellants, therefore, that the contract set out in the complaint was a parol contract for the sale of lands, or an interest in lands, is untenable, as applied to the facts disclosed by the complaint; and the cases cited by appellant of Ellis v. Cary, 74 Wis. 176, 42 N. W. 252; Wallace v. Long, 105 Ind. 522, 5 N. E. 666; and Pond v. Sheean, 132 Ill. 312, 23 N. E. 1018,—are not authorities in this case, as in neither of those cases had the party claiming the estate been legally adopted as heirs of the party against whose estate the claim was made, and each relied solely upon the parol agreement as the ground of recovery. Without the parol contract the claimant in each of those cases had no right whatever to the property. But in the case at bar, as we have seen, the plaintiff, by judicial proceedings was duly adopted as the child and heir of said Hollis Quinn; and this proceeding, in our view of the case, renders it unnecessary to discuss or consider the questions discussed by counsel in their brief, as to what acts constitute such a performance or part performance of a parol contract as would take it out of the statute. The question of whether or not the parol contract in

this case was for a sale of land or an interest therein, does not, in our view of the case, arise on this record. The fact that the plaintiff was legally adopted and made the heir of the said Quinn by the order of the court is the important and controlling element in this case.

The plaintiff does not seek to establish his right to inherit the estate of said Quinn, or his portion thereof, by a parol contract, but to show that Quinn had agreed not to deprive him of his rights as heir under the order of the court; not that Quinn should convey or will property to him, but that he would not deprive the plaintiff of his right as heir under the legal proceedings. The contract, therefore set out in plaintiff's complaint, is not one relating to the sale of land, or of an interest therein, in the sense that such a contract is used in the statute. The order of the court makes all the provision for such a transfer necessary, by conferring upon the plaintiff the right to inherit as a child of Quinn, and making him the heir to said Quinn. The parol contract set out in the complaint is that, in consideration of the faithful services of the plaintiff for said Quinn until he should attain the age of 21 years, he should receive certain personal property, and should retain his legal rights as heir at law of said Quinn. The contract removes the legal presumption that the plaintiff's services were to be gratuitous, which would ordinarily arise in the case of services by a child, and establishes the fact that the order of the court was made upon a valid consideration, and that the plaintiff's rights as heir of the estate of Quinn were of such a nature that he cannot be deprived of those rights by any fraudulent proceedings of said Quinn or of the defendant. The contract upon which the legal proceedings were based having been complied with on the part of the plaintiff, a court of equity will protect him against any fraudulent conveyance of the property, or any conveyance without consideration or will, and set aside, cancel, and annul such conveyances, transfers, or will, in whatever form they may be made, so far as they effect his rights as heir to such property.

The plaintiff asks for no transfer to him of the property of Quinn, or that he be made the heir of Quinn, but he does ask, and we think properly, that the conveyances and the will, made under the alleged unlawful and corrupt agreement between the defendant and said Quinn, in his lifetime, be set aside, canceled and annulled, in order that he may be in a position to assert his legal rights to the estate of Quinn as his heir. This a court of equity has power to do, and under the allegations of the complaint it is its duty to do. It would be manifestly unjust and inequitable to permit the defendant, after the estate of said Quinn has received the benefit of the labor and services of the plaintiff, to retain the possession of the property of said Quinn, as against the legal right of the plaintiff to inherit his portion of the same by means of fraudulent transfers made by said Quinn in his lifetime, or transfers made without consideration, and for the express purpose of preventing the plaintiff from asserting his legal rights as heir. A court of equity will interpose its power to prevent such injustice to the plaintiff. But if the view we have taken of the effect of the legal proceedings adopting the plaintiff and making him the heir of said Quinn is not correct, and the plaintiff's right to recover, if at all, must rest on the parol contract alleged in the complaint, we are of the opinion that the complaint is sufficient, and that the part performance of the parol agreement is sufficient to take the parol contract out of the statute, under the peculiar facts of this case. While the general rule applicable to parol contracts for the sale of land, or an interest therein, undoubtedly is that payment alone of the consideration, either in money or services, will not take the case out of the statute, yet an exception is made in the class of cases we are considering, on the ground that the contract is not usually made with reference to any specific property, and the nature of the services is such that they cannot ordinarily be definitely shown, or their value definitely determined in money. The rule is thus stated by the assistent vice chancellor in Rhodes v. Rhodes, 3 Sandf. Ch. 279:

"It is settled that the payment of the consideration will not, in general, be deemed such a performance as to relieve a parol contract from the operation of the statute. But the reason for this: viz: that in such a case the repayment of the consideration will place the parties in the same situation in which they were before, shows that the rule applies to a moneyed consideration only. If the consideration for the contract be labor and services, those may sometimes be estimated, and their value liquidated in money, so as measurably to make the vendee whole on rescinding the contract. But in a case like this, where the services to be rendered were of such a peculiar character that it is impossible to estimate their value to Andrew Rhodes by any pecuniary standard, and where it is evident that he did not intend to measure them by any such standard, it is out of the power of any court, after the performance of the services, to restore Henry Rhodes to the situation in which he was before the contract was made, or to compensate him in damages. The case is clearly within the rule which governs courts of equity in carrying parol agreements into effect where possession has been taken or moneys laid out in improvements upon the land sold. 2 Story, Eq. Jur. §§ 759–761; Lord Redesdale, in Clinan v. Cooke, 1 Schoales & L. 41." The doctrine of the cases cited from Illinois and Indiana, that part performance of the contract by services on the part of the adopted child does not take the case out of the statute, does not seem to have been followed in the courts of Michigan (Wright v. Wright, 58 N. W. 54; Carmichael v. Carmichael, 72 Mich. 76, 40 N. W. 173); or by the courts of Missouri (Sharkey v. McDermott, 91 Mo. 647, 4 S. W. 107; Sutton v. Hayden, 62 Mo. 101); or Ohio (Shahan v. Swan, 48 Ohio St. 25, 26 N. E. 222); or New Jersey (Van Dyne v. Vreeland, 11 N. J. Eq. 370, 12 N. J. Eq. 142; Davison v. Davison, 13 N. J. Eq. 246). In the recent case of Wright v. Wright, *supra*, the question of whether or not a parol contract performed on the part of an adopted child, though not legally adopted under a statute, took the

case out of the statute of frauds, was very fully and learnedly discussed in the majority opinion of the court, and with the views therein expressed we fully agree. Upon either view of the case, therefore, we think the complaint states a good cause of action, and our conclusions are that the court below properly overruled the demurrer. The order of the circuit court overruling the demurrer and granting the defendant leave to answer is affirmed.