■ DANIEL DI LORENZO, Individually and as Executor of JAMES DI LORENZO, Deceased, et al., Respondents, v CATHERINE CIANCIO, Appellant.— In an action inter alia to set aside transfers which decedent James Di Lorenzo made to defendant after the death of Anna Di Lorenzo of (1) a two-family house located in Long Island City which James and Anna had owned by the entirety and (2) a savings account in the National City Bank which James and Anna jointly owned during Anna's lifetime, defendant appeals from a judgment of the Supreme Court, Queens County, dated February 10, 1975, which, after a nonjury trial, inter alia, set aside said transfers. Judgment modified, on the law, the facts and in the interest of justice, by deleting therefrom the first, third, fourth, fifth, sixth, seventh, eighth and thirteenth decretal paragraphs and substituting therefor the following: "Ordered, adjudged and decreed that defendant is directed to pay to Daniel Di Lorenzo, as executor of the estate of James Di Lorenzo, deceased, the sum of $6,184.91, with interest thereon from August 1, 1973, to be administered in accordance with said decedent's will, and defendant is permitted to deduct from such payment the sum of $2,409.25, advanced by her for decedent's funeral; and it is further Ordered, adjudged and decreed that, as of the date of said decedent's death, the individual plaintiffs and defendant, by virtue of the decedent's will, became equal tenants in common of the parcel of real property located at 34-03 31st Street, Long Island City, County of Queens, New York; and it is further Ordered, adjudged and decreed that, upon the completion of the partition of said parcel of real estate thus owned by the individual plaintiffs and defendant as tenants in common, defendant shall be liable for the payment of the reasonable value for her occupancy of said property since August 1, 1973, the date of death of James Di Lorenzo, and defendant shall be credited with any moneys advanced by her for taxes, necessary repairs and improvements to said property and for the necessary maintenance thereof and such further moneys as may necessarily be advanced by her for the maintenance and repairs of that property until final partition thereof, which partition shall proceed expeditiously." As so modified, judgment affirmed, without costs. On October 3, 1960 James and Anna Di Lorenzo executed reciprocal contractual wills. They undertook therein to

devise and bequeath their property to the survivor; on the survivor's death their property was devised and bequeathed equally to their three children, the plaintiffs Daniel Di Lorenzo and Marie Capilongo, and defendant. Anna died on March 14, 1969. Her sole property at her death was her interest in a two-family house owned by her and James as tenants by the entirety and her interest in a joint savings account in the National City Bank, then in the amount of $6,184.19. James, who was 83 years old when Anna died, thus became the sole owner of that house and savings account. By reason of the reciprocal wills, his ownership of that property, as survivor, was impressed with a constructive trust to leave so much of that property as he would not use during the balance of his life, for his reasonably necessary maintenance, to their three children, equally *(Rastetter v Hoenninger,* 214 NY 66; *Tutunjian v Vetzigian,* 299 NY 315, 320; *Rubenstein v Mueller,* 19 NY2d 228, 231; *Schwartz v Horn,* 31 NY2d 275, 281). Prior to Anna's death, defendant occupied one of the two apartments in that house. Her parents occupied the other apartment and James continued to occupy that apartment until his death. Defendant took care of Anna during her protracted last illness. She also helped in the care of James until he died. In May, 1970, James transferred the savings account from his own name to a joint account with the defendant. In April, 1972 he executed and delivered a deed transferring the title of the house to defendant, reserving to himself the right to continue to live, rent free, in his apartment as long as he lived. Defendant claims that the transfers of the bank account and the house were made to her in consideration of the care she had given to Anna and James and her promise that she would take care of James as long as he lived. Special Term held that the transfers were made without any consideration and that the services and care rendered by defendant for her mother and father were those of a dutiful daughter, given without any expectation or promise of compensation. It implicitly found that the transfers of the house and savings account were not necessary for James' reasonable maintenance and were therefore violative of his obligation under the contractual wills made with Anna to testamentarily dispose of their property equally among their three children. There is sufficient evidence in the record to justify those findings. The assets transferred by James to defendant constituted his sole assets. Thus, when James died, defendant became liable, as trustee of a resulting trust, to pay over the $6,184.19 principal of the savings account to her brother Daniel, as executor of James' will (which Daniel probated after James' death), for distribution pursuant thereto *(Tutunjian v Vetzigian,* 299 NY 315, *supra).* However, Special Term erred in directing that defendant arrange for Daniel and her sister Marie to become joint tenants of that account. The reciprocal wills did not call for the children to become joint tenants of any personal property succeeded to by James after Anna's death. Said disposition is not only uncalled for by the reciprocal wills, but is unfair and inequitable to the three children. Further, in the light of Special Term's primary finding that, by virtue of the reciprocal contractual wills, plaintiffs and defendant became tenants in common of the real property on August 1, 1973 when James died, the same rule should be applied to the savings account. Special Term properly directed the partition of the real property and that defendant pay for the reasonable use and occupancy thereof and that, in connection therewith, defendant be credited for moneys personally advanced by her for repairs, maintenance and carrying charges of that property. However, Special Term erred in requiring defendant to pay rent to plaintiffs as of April 1, 1972 for her use of the apartment which she had been occupying. Plaintiffs first became tenants in common with defendant of

that house on August 1, 1973 when James died. Up to that date James was entitled to the income from that house. Under the reciprocal wills here enforced, James had no obligation to accumulate the income from the property covered thereby for the benefit of his children as ultimate legatees. He had the unfettered right to use that income, directly or indirectly, as he saw fit. His having, in effect, granted defendant the right to use her apartment rent free was not proscribed under the wills and was effective and reasonable in the light of the evidence, even if he had not transferred the house to her of record. Moreover, in this connection, Special Term erred in making defendant accountable to plaintiffs, in addition to the rent fixed retroactively to April 1, 1972, for interest on what Special Term found to be the value of plaintiffs' interest in the house. By the modification of the judgment here directed, the erroneous findings and conclusions in the Special Term's judgment are corrected. Anticipating that problems may arise in completing the partition and in disposing of the moneys for which defendant is accountable, and the possible necessity for court intervention in connection therewith, the judgment properly authorized any of the parties to seek its modification in connection therewith (cf. *State of New York v Ole Olsen, Ltd.,* 35 NY2d 642). Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.