326 So.2d 239 (1976)
In re ESTATE OF Julius ROSENSTEIN.
Morton Allen SMITH, Appellant,
v.
Nelan SWEET, As Executor for the Estate of Julius Rosenstein, Appellee.
Nos. 74-1665, 75-1136.
District Court of Appeal of Florida, Third District.
February 3, 1976.
*240 Pettigrew & Bailey and Thomas A Gribbin, Miami, for appellant.
Burnett Roth, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, petitioner in probate and plaintiff in an action in contract, brings these consolidated appeals from orders of the circuit court, probate division, striking his answer and petition in probate and dismissing with prejudice his second amended complaint filed in the general jurisdiction division and transferred to the probate division.
On August 15, 1973, Julius Rosenstein died leaving a sizeable estate. Appellant, as one of many takers, was bequeathed $1,000 by Rosenstein's Last Will and Testament.
Subsequently, a petition for a construction of the Will was filed by the other takers. In response to this petition, appellant filed an answer and a petition relating to other monies and property he sought from the estate. Answers to appellant's petition were filed by all interested parties and appellee, Nelan Sweet, as executor for the estate of Julius Rosenstein, moved to strike appellant's petition.
Notice was given and a hearing was set on appellee's motion to strike. At this hearing the circuit court denied appellee's motion and ruled against appellant on the merits. Subsequently, the court announced it was withdrawing its ruling against appellant. Thereafter, appellee re-noticed the motion to strike for October 18, 1974. No argument was scheduled or noticed that addressed itself to the merits of appellant's claim against the estate. Due to an emergency, counsel for appellant was unable to attend this hearing and was unsuccessful in attempting to have it rescheduled.
On November 4, 1974, the court sua sponte entered an order striking appellant's petition on the ground that he had no standing as an interested party in the probate proceeding. Appellant's first appeal is from this order.
On November 14, 1974, appellant filed a second amended complaint for breach of contract against appellee. This complaint, by an order of the circuit court, general jurisdiction division, dated December 13, 1974, was transferred to the probate division of the circuit court and assigned to the judge presiding over the Rosenstein estate proceedings. Subsequently, upon appellee's motion to dismiss, the court entered an order, dated June 4, 1975, dismissing with prejudice appellant's second amended complaint on the ground that it failed to state a cause of action against appellee upon which relief could be granted. From this order, appellant brings his second appeal.
Appellant first contends that, in regard to the order dated November 4, 1974, he never received any notice advising him that a hearing on the merits of his petition was to be held and in fact no such hearing was held. Therefore, appellant asserts that the November 4, 1974 order adjudicating the merits of his petition deprived him of *241 his constitutional right to due process of law. Secondly, appellant contends that, in regard to the order dated June 4, 1975, by virtue of an antenuptial agreement and a contract to make a will, as a third party beneficiary he has valid claims against the assets of Rosenstein's estate.
Appellee contends that the circuit court properly struck appellant's petition for an interest in Rosenstein's estate and that it properly dismissed appellant's second amended complaint.
As to appellant's first point on appeal, we have carefully reviewed the record and conclude that he was denied a meaningful hearing prior to the time that the circuit court entered its order dated November 4, 1974. This denial deprived appellant of his constitutional right to due process of law. See Fiehe v. R.E. Householder Co., 1929, 98 Fla. 627, 125 So. 2; and Pelle v. Diners Club, Fla.App 1975, 287 So.2d 737.
In regard to appellant's second point on appeal, we hold that his second amended complaint did set forth a valid cause of action which the circuit court should have entertained. Antenuptial agreements are contractual in nature and should be construed in the same manner as other types of contracts. See Underwood v. Underwood, Fla. 1963, 64 So.2d 281; and McMullen v. McMullen, Fla.App. 1966, 185 So.2d 191. Such agreements are valid in Florida. See Posner v. Posner, Fla. 1972, 257 So.2d 530. Also, in Florida a person may make a valid contract to leave his property at his death by will; see Donner v. Donner, Fla.App. 1974, 302 So.2d 452, and Ugent v. Boehmke, Fla.App. 1960, 123 So.2d 387, and a donee beneficiary has the right to compel a promisor to fulfill such a contractual obligation. See Cherry Lake, Inc., v. Kearce, 1946, 157 Fla. 484, 26 So.2d 434; and Flinkote Co. v. Brewer Co. of Fla., Fla.App. 1969, 221 So.2d 784. This determination, i.e., appellant did set forth a valid cause of action in his second amended complaint, should not be construed as passing on its merits.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the orders appealed are reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.