OPINION OF THE COURT
Ernest L. Signorelli, S.
In this contested miscellaneous proceeding, the petitioner seeks, inter alla, an order disallowing the claim of respondent, the Department of Social Services.
The decedent died on August 20, 1985 survived by the petitioner, her son, and two other adult children. Her last will and testament, a joint and mutual will, dated September 6, 1967, was admitted to probate by this court as the will of her predeceased husband, George, on April 15, 1968, and on *611 October 29, 1985, as the decedent’s will. Pursuant to the pertinent provisions of the document, the testators devised and bequeathed all their property, both real and personal, to the survivor during his or her lifetime. After the death of the survivor, all property passed to their son, Frederick George Boyton who was nominated and appointed executor to act thereunder.
The instant application was commenced by verified petition dated August 16, 1986. On October 17, 1986 an answer was filed by the Department of Social Services wherein they requested that the court dismiss the petition and determine their claim and lien to be valid.
On March 2, 1987 and April 29, 1987, the parties entered into a stipulation wherein they agreed to submit the matter to the court for decision, without a hearing, based upon the petition and answer, along with the exhibits annexed thereto submitted in the context of this proceeding, the last will and testament dated September 6, 1967, and counsel’s memorandum of law. Said stipulation further submitted to the court the following issues for determination:
1. Did the terms of the joint and mutual will of the decedent and her husband, dated September 6, 1967, affect the disposition of the real property, located at 44 Tonopan Street, Mastic, New York, owned by the decedent and her husband prior to the execution of the aforesaid will as tenants by the entirety, and
2. If issue No. 1 is determined in the affirmative, did said will create solely a life estate in the decedent in said premises during her lifetime, or was such interest coupled with a power therein which would have permitted the decedent to encumber or create a charge against the realty during her lifetime so that subsequent to her death, with such lien thereon, an obligation to repay public and Medicaid assistance out of said realty was created.
At the time the joint and mutual will was executed the testators owned a piece of real property, as tenants by the entirety, located at 44 Tonopan Street, Mastic, New York. After her husband’s death in 1967, the decedent received assistance from the Suffolk County Department of Social Services in the sum of $9,206.80 in public assistance, repayment for which was secured by a bond and mortgage on the above-described realty. In addition, the decedent received the sum of $86,243.77 in medical assistance, which was granted *612 within 10 years of the decedent’s death as required by Social Services Law § 104, for which the Department asserts a lien against the realty.
While the petitioner concedes the value of the assistance rendered and the bond and mortgage executed by the decedent, he alleges that decedent’s sole interest in the property was a life estate, and accordingly, she could not encumber the remainder interest. It is his position that the decedent and her husband, entered into a contractually binding joint and mutual will resulting in a life interest in the property and a duty not to make any inter vivas or testamentary disposition that would defeat the purpose of the agreement.
In opposition thereto the respondent claims that, even if her only interest was a life estate, the decedent had the right to consume the principal for her support and maintenance, and therefore, pursuant to the Social Services Law § 104, the decedent was liable to repay such assistance.
The fact that property is held by the testators as tenants by the entirety at the time the will is executed does not prevent the joint disposition of such property. While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivor-ship, they may do so by acting in concert, as by a joint will, or by a contract. (Rubenstein v Mueller, 19 NY2d 228 [1967]; Swerdfeger v Swerdfeger, 4 AD2d 535 [1957].)
A person may make a valid agreement to make a particular testamentary disposition of his property. A will as a testamentary instrument is revocable at pleasure. However, if it purports to contractually bind the testators, and is supported by adequate consideration, it is enforceable in equity. (Rastetter v Hoenninger, 214 NY 66.)
Although the mere execution of a joint reciprocal will may not suffice to establish a contract enforceable in equity, the language employed in the will herein clearly delineates the intent of the cotestators to jointly dispose of their property, and not to make an independent disposition thereof. (Tutunjian v Vetzigian, 299 NY 313; Rastetter v Hoenninger, supra; Swerdfeger v Swerdfeger, supra.)
On the death of one party to the joint will, the survivor is bound by the mutual agreement. However, the survivor’s right to full ownership of the collective property is transformed and modified by the said agreement, effective upon the other’s death. (Rubenstein v Mueller, supra.) The surviving spouse *613 could not, after her spouse’s death, make a different testamentary disposition or a gift to defeat the purpose of the agreement, except where a transfer is made to meet the daily needs of the surviving testator. (Schwartz v Horn, 31 NY2d 275 [1972]; Rubenstein v Mueller, supra; Di Lorenzo v Ciancio, 49 AD2d 756 [2d Dept 1975].)
Accordingly, based on the foregoing, the court determines the lien and mortgage of the respondent to be valid.