552 So.2d 1158 (1989)
James J. BOYLE, Appellant/Cross-Appellee,
v.
Louise SCHMITT, As Ancillary Personal Representative of the Estate of Blanche E. Boyle, Deceased, Appellee/Cross-Appellant.
No. 89-795.
District Court of Appeal of Florida, Third District.
November 7, 1989.
Rehearing Denied December 12, 1989.
*1159 James J. Boyle, in pro. per.
John J. Boyle, Miami, for appellant/cross-appellee.
Robert M. Brake, Coral Gables, for appellee/cross-appellant.
Before BASKIN, FERGUSON and COPE, JJ.
COPE, Judge.
This is an appeal from an order on a special master's interim report in a dissolution of marriage action. The trial court's order directed that certain municipal bonds be held in escrow pending further order of the court, while directing that other municipal bonds be released immediately to the wife. The trial court's order is therefore appealable as determining the right to immediate possession of property. Rule 9.130(a)(3)(C)(ii), Fla.R.App.P. We affirm in part and reverse in part.
Prior to the dissolution action, the husband and wife agreed to divide their jointly owned municipal bonds into equal shares. They met with their broker and caused one-half of the bonds to be retitled in the wife's sole name, one-half in the husband's sole name. After the onset of the dissolution action, the trial court entered an interim order requiring the wife to place her shares in a court-ordered escrow pending a final determination of the parties' respective claims. By the time of trial, the sole issue before the master was the question of title to the shares.
The special master found, in part:
The Husband and Wife asked their broker to divide their funds into two equal portions and to title one-half in the name of the Wife and one-half in the name of the Husband. They signed all papers necessary to accomplish this retitling. In due course, the certificates titled in their separate names were delivered to them.
The husband did not initially make a claim to the bonds when he filed the dissolution action, but subsequently asserted a claim and sought to impose a constructive trust on the wife's bonds in his favor.
Despite the special master's finding that the parties had accomplished all of the formalities to transfer title to their respective names, the master concluded that the bonds had remained marital property. The special master found that the transaction had been "an attempt by the Husband to make an unhappy Wife happy while still recognizing the realities of the situation, *1160 namely, that the parties were, equitably, still joint owners of all of their properties, no matter how titled." We are unable to ascertain that there is competent substantial evidence to support that determination and instead conclude that the parties' actions were effective to divide the municipal bonds.
The wife had opposed a decision by the husband to make a major real estate investment, and was concerned that there would be undue risk to the family's assets. In that sense it is accurate to say that the wife was "unhappy" and that the distribution of bonds was intended to address that unhappiness. The parties took all of the steps necessary to effect a formal transfer of the bonds, one-half to the husband, one-half to the wife. The transaction may be viewed either as a completed gift or as an agreed partition. Each party gave up a claim to one-half of the bonds in exchange for receiving sole title to one-half of the bonds. Since general principles of contract law apply to contracts between spouses, B. Abrams, 1 Florida Family Law § 21.01(3) (1988), the consideration is more than enough to support the finding of an enforceable contract. See Bayshore Royal Co. v. Doran Jason Co., 480 So.2d 651, 656 (Fla. 2d DCA 1985). Absent some other evidence to support the conclusion that the parties' shares were by some separate agreement intended to continue to be treated as marital assets, the conveyance of title must be given its legal effect.[1] The fact that the bonds in question were marital assets does not prevent their being the subject of a gift or an agreed division. See Winner v. Winner, 370 So.2d 845, 846-47 (Fla. 3d DCA 1979) ("The essential elements of a gift between husband and wife are delivery, actual or constructive, intent of the donor to divest himself of all dominion and control, and acceptance by the donee, which may be presumed as in other cases."); 1 B. Abrams, supra, § 21.20.
It follows that the wife is entitled to the release of all bonds titled in her name. We affirm the judgment insofar as it ordered the release of certain of the bonds to the wife, but reverse insofar as the judgment directed that her remaining bonds be held in escrow.
The wife complains, in her cross-appeal, that the master went beyond the scope of the issues framed by the pleadings by determining title to other properties. On this issue the parties agree. The judgment must be vacated insofar as it determines issues other than title to the municipal bonds. The wife's remaining point, relating to disqualification of an earlier special master, is without merit.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Both parties were adults with substantial business experience at the time of the transfer of title.