578 So.2d 367 (1991)
John J. BOYLE, Appellant,
v.
Louise SCHMITT, Individually and As Ancillary Personal Representative of the Estate of Blanche E. Boyle, Deceased, and Louise Schmitt, Individually, Appellees.
Nos. 90-1646, 90-2124.
District Court of Appeal of Florida, Third District.
April 9, 1991.
Rehearing Denied May 6, 1991.
*368 John J. Boyle, in pro. per.
Robert M. Brake, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is a consolidated appeal by the plaintiff John J. Boyle from final orders which dismiss his two-count complaint (1) to impose a constructive trust against the personal representative of his mother's estate so as to carry out the terms of a contract to make a will, which terms were allegedly violated when the mother left a will leaving all her property to the plaintiff's sister, and (2) to set aside an inter vivos transfer by the plaintiff's mother of one-third of her estate to the plaintiff's sister.
We reverse the dismissal of count I of the complaint upon a holding (a) that the contract to make a will entered into between the plaintiff's mother and father was supported by sufficient consideration, namely, the mutual promises exchanged therein to leave all their property by will to the plaintiff, and (b) that the plaintiff, as the donee beneficiary of the contract, is entitled to enforce its terms. In re Estate of Rosentein, 326 So.2d 239, 241 (Fla. 3d DCA 1976); Ugent v. Boehmke, 123 So.2d 387 (Fla. 3d DCA 1960).
We also reverse the dismissal of count II of the complaint upon a holding that (a) the inter vivos transfer of property by a party to a contract to make a will may be set aside by the donee beneficiary of the will contract where, as alleged herein, the transfer is made with the fraudulent intent to defeat the donee beneficiary's rights under the terms of the will contract, Robinson v. Malik, 115 So.2d 702 (Fla. 3d DCA 1959); Tontz v. Heath, 20 Ill.2d 286, 170 N.E.2d 153 (1960); Dubin v. Wise, 41 Ill. App.3d 132, 354 N.E.2d 403 (App.Ct. 1976); Schwartz v. Horn, 31 N.Y.2d 275, 338 N.Y.S.2d 613, 290 N.E.2d 816 (1972); Dickinson v. Lane, 193 N.Y. 18, 85 N.E. 818, 820 (1908); DiLorenzo v. Ciancio, 49 A.D.2d 756, 373 N.Y.S.2d 167 (App.Div.), appeal denied, 38 N.Y.2d 707, 382 N.Y.S.2d 1026, 345 N.E.2d 603 (1975); Quinn v. Quinn, 5 S.D. 328, 58 N.W. 808 (1894); In re Estate of Chayka, 47 Wis.2d 102, 176 N.W.2d 561 (1970); B. Sparks, Contracts to Make Wills 55 (1956); and (b) no determination contrary to the plaintiff's claim was made by the trial court in a previous order appealed from in related litigation involving the plaintiff's mother and father. See Boyle v. Schmitt, 552 So.2d 1158 (Fla. 3d DCA 1989).
The final orders of dismissal are therefore reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.